**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                                               CHAPTER 13 CASE NO.:
**CHAD REEDY AND
JENNIFER REEDY**                                       **19-11709-JDW**

**OBJECTION TO CONFIRMATION OF FIRST AMENDED PLAN**

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after conducting the Section 341(a) Meeting of Creditors, reviewing the Petition, Schedules, and Statement of Financial Affairs, and files this Objection to Confirmation (the "Objection"), and in support thereof states as follows:

1. The Debtors commenced this proceeding by filing a Voluntary Petition on April 22, 2019 (the "Petition Date"). The Debtors filed a proposed First Amended Chapter 13 Plan (Dkt. #13) (the "Plan") on June 19, 2019.

2. The Debtors are above median income and the proposed term of the Plan is sixty (60) months. The Plan provides for a $5,745 *pro rata* distribution to nonpriority unsecured creditors.

3. The Plan provides in Section 3.2 that the claim of Mechanics Bank shall be paid $4,865.00, which is secured by a 2010 Tracker Pontoon boat with a forty (40) horsepower motor (the "Boat"), together with 6.75% interest. The Trustee submits that the Boat is not necessary for an effective reorganization and is not necessary for either an effective reorganization or the maintenance of the Debtors and/or the Debtors' household. The Plan should be amended to either abandon the Boat or pay an amount equal to the value of the Boat to nonpriority unsecured creditors with timely filed claims.

4.     The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and (b)(1)(B). Section 5.1 of the Plan does not provide for payment of all of the Debtors' projected disposable income for nonpriority unsecured creditors. According to Amended Schedules I and J (Dkt. #11), the Debtors' monthly net income is $1,078.62 and the plan payment is $960.00. Accordingly, there remains $118.62 of projected disposable income not being paid by the Debtors[1].

5.     The Debtors should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

6.     For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which Trustee and this bankruptcy estate may be entitled.

Dated: July 8, 2019.

---

[1] The Debtors' First Amended Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Official Form 122C-1) and the Chapter 13 Calculation of Your Disposable Income (Official Form 122C-2) (the "Means Test") (Dkt. #12) provides that the Debtors are above median income and have disposable monthly income in the amount of $885.34. However, Line 46 provides that the Debtors' income will be reduced thereby triggering a "change in circumstances." Therefore, the Trustee is relying on the Debtors' Amended Schedules I and J to determine disposable monthly income.

        Respectfully submitted,

        **LOCKE D. BARKLEY**
        **CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
        ATTORNEYS FOR TRUSTEE
        W. Jeffrey Collier (MSB 10645)
        Melanie T. Vardaman (MSB 100392)
        6360 I-55 North, Suite 140
        Jackson, Miss.  39211
        (601) 355-6661
        mvardaman@barkley13.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

Dated: July 8, 2019.

        /s/ Melanie T. Vardaman
        MELANIE T. VARDAMAN